UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DEBORAH LEAVITT and KRISTEN LEAVITT,

           Plaintiffs,

   -against-

ROSEMEAD HOME & GARDEN, INC., XINXING JUJIANG CRAFT PRODUCTS INDUSTRIAL CO., LTD., and AMAZON.COM, INC.

           Defendants.

**COMPLAINT AND
DEMAND FOR
JURY TRIAL**

Index No.  1:26-cv-208 (AMN/PJE)

---

    The Plaintiffs, Deborah Leavitt and Kristen Leavitt, by and through their attorneys, O'Connell and Aronowitz, P.C., submits the following as and for a Complaint herein and alleges that:

## **PARTIES**

    1.   At all times herein relevant, the Plaintiff, Deborah Leavitt, was a resident of the City of Saratoga Springs, County of Saratoga and State of New York. Currently, Plaintiff, Debora Leavitt, is a resident of the Town of Ballston Spa, County of Saratoga and State of New York.

    2.   At all times herein relevant, the Plaintiff, Kristen Leavitt, was a resident of the City of Saratoga Springs, County of Saratoga and State of New York. Currently, Plaintiff, Kristen Leavitt, is a resident of the Town of Ballston Spa, County of Saratoga and State of New York.

    3.   Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc. was a foreign business corporation or other entity, duly organized and existing under the laws of the State of Delaware.

4.    Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., had its principal place of business in the City of Seattle, State of Washington.

5.    Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., was authorized to conduct and transact business in the State of New York.

6.    Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., did conduct and transact business in the State of New York.

7.    Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., was licensed to do business in the State of New York.

8.    At all times herein relevant, the Defendant, Amazon.com, Inc., was in fact doing business in the State of New York.

9.    Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., engaged in a persistent course of conduct in the State of New York.

10.    Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., derived substantial revenues from the goods used or consumed or services rendered in the State of New York.

11.    Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., expected or should have expected that it would derive substantial revenues from interstate commerce.

12.    Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., placed its products into the stream of interstate commerce, with a reasonable expectation that the products could and/or would be sold, consumed, or used in the State of New York.

13. Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., expected or should have expected the tortious acts described herein to have consequences in the State of New York.

14. Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., caused injury to the Plaintiffs, Deborah Leavitt and Kristen Leavitt, as described herein, within the State of New York.

15. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., was a foreign business corporation or other entity, duly organized and existing under the laws of the State of California.

16. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., had its principal place of business in the City of Ontario, State of California.

Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., was authorized to conduct and transact business in the State of New York.

17. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., did conduct and transact business in the State of New York.

18. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., was licensed to do business in the State of New York.

19. At all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., was in fact doing business in the State of New York.

20. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., engaged in a persistent course of conduct in the State of New York.

21. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., derived substantial revenues from the goods used or consumed or services rendered in the State of New York.

22. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., expected or should have expected that it would derive substantial revenues from interstate commerce.

23. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., placed its products into the stream of interstate commerce, with a reasonable expectation that the products could and/or would be sold, consumed, or used in the State of New York.

24. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., expected or should have expected the tortious acts described herein to have consequences in the State of New York.

25. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., caused injury to the Plaintiffs, Deborah Leavitt and Kristen Leavitt, as described herein, within the State of New York.

26. Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., was a foreign business corporation or other entity, duly organized and existing under the laws of the Country of the People's Republic of China.

27. Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., had its principal place of business in the Yunfu City, Province of Guangdong, Country of China.

28.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., was authorized to conduct and transact business in the State of New York.

29.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., did conduct and transact business in the State of New York.

30.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., was licensed to do business in the State of New York.

31.    At all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., was in fact doing business in the State of New York.

32.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., engaged in a persistent course of conduct in the State of New York.

33.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., derived substantial revenues from the goods used or consumed or services rendered in the State of New York.

34.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., expected or should have expected that it would derive substantial revenues from interstate commerce.

35.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., placed its products into the stream of interstate commerce, with a reasonable expectation that the products could and/or would be sold, consumed, or used in the State of New York.

36.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., expected or should have expected the tortious acts described herein to have consequences in the State of New York.

37.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., caused injury to the Plaintiffs, Deborah Leavitt and Kristen Leavitt, as described herein, within the State of New York.

38.    This action falls within one or more of the exceptions contained in Article 16 of the CPLR.

39.    Plaintiffs demand a trial by jury in this action on each and every one of the claims.

## JURISDICTION AND VENUE

40.    Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction.

41.    There is complete diversity of citizenship.  Plaintiffs are New York residents, and all Defendants are foreign corporations.

42.    As set enumerated herein, Plaintiffs are alleging an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

43.    Pursuant to 28 U.S.C. § 1391, venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in the District.

## FACTS

44.    Upon information and belief, on or about June 10, 2024, a Kante 18" L Rectangular Tabletop Fire Pit with Portable Rubbing Alcohol Fire Bowl ("the tabletop fire pit" or "the subject tabletop fire pit") was purchased by Plaintiff, Kristen Leavitt, on Amazon.com for Plaintiff, Deborah Leavitt.

45.     Upon information and belief, on or around June 8, 2025, while at their home located in the City of Saratoga, County of Saratoga and State of New York, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were using the subject tabletop fire pit.

46.     When the Plaintiffs, Deborah Leavitt and Kristen Leavitt, lit the subject tabletop fire pit on such date, the subject tabletop fire pit, without warning, exploded and engulfed the Plaintiffs in flames, resulting in severe and permanent injuries, including but not limited to, severe burns.

47.     Plaintiff, Deborah Leavitt, suffered severe burns to approximately twenty-two percent of her body.

48.     Plaintiff, Kristen Leavitt, suffered severe burns to approximately over forty-four percent of her body.

49.     As a result of the severe burns suffered by Plaintiffs, they required emergency medical treatment, surgical intervention, and ongoing medical care.

50.     The subject fire pit was designed, manufactured, and introduced into the stream of commerce by the Defendants, Amazon.com, Inc., Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., who were engaged in the business of designing, manufacturing, licensing, testing, advertising, marketing, warranting, selling, and distributing various types of products, including fire pits of the type which injured Plaintiffs.  The Defendants sold these products, including the subject tabletop fire pit, via Amazon's website, Amazon.com, and distribution system.

51.     Upon information and belief, Defendant, Amazon.com, Inc., accepted possession of the subject tabletop fire pit from the Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd.

52.     Upon information and belief, Defendant, Amazon.com, Inc., accepted stored the subject tabletop fire pit from the Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., in an Amazon.com, Inc. warehouse.

53.     Upon information and belief, Defendant, Amazon.com, Inc., provided a product listing for the subject tabletop fire pit.

54.     Upon information and belief, Defendant, Amazon.com, Inc., received payment for the purchase of the subject tabletop fire pit by consumers, including but not limited to Plaintiffs, Deborah Leavitt and Kristen Leavitt.

55.     Upon information and belief, Defendant, Amazon.com, Inc., shipped the subject tabletop fire pit to consumers, including but not limited to Plaintiffs, Deborah Leavitt and Kristen Leavitt.

56.     Upon information and belief, prior to and including June 10, 2024, Defendant, Amazon.com, Inc., set the terms of its relationship with Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd.

57.     Upon information and belief, said terms of the relationship with Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., are set forth by agreement(s) and/or policies that include but are not limited to the following terms: Amazon.com, Inc. has the authority to control the format and/or the conditions of the offer for sale of a product's listing, including the subject tabletop fire pit, on its website, Amazon.com.

58.     Upon information and belief, said terms of the relationship with Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., are set forth by agreement(s) and/or policies that include but are not limited to the following terms: Amazon.com requires that all products listed, including the subject tabletop fire pit, must comply

with all applicable laws and may not contain any sexually explicit, defamatory, or obscene materials.

59.    Upon information and belief, said terms of the relationship with Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., are set forth by agreement(s) and/or policies that include but are not limited to the following terms: the Defendant, Amazon.com, Inc., has the unilateral authority to reject and/or remove any products, including the subject tabletop fire pit, from being listed on its website.

60.    Upon information and belief, said terms of the relationship with Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., are set forth by agreement(s)  and/or policies that include but are not limited to the following terms: Amazon.com, Inc., has the unilateral authority to reject and/or remove any products, including the subject tabletop fire pit, from being listed on its website, if the Defendant, Amazon.com, Inc., determines that the product is defective, damaged, unfit for a particular purpose, and/or otherwise unsuitable.

61.    Upon information and belief, said terms of the relationship with Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., are set forth by agreement(s) and/or policies that include but are not limited to the following terms: the Defendant, Amazon.com, Inc., has the authority to reject and/or remove any products, including the subject tabletop fire pit, from being listed on its website, if the Defendant determines that the product creates a health or safety risk to any third party.

62.    Upon information and belief, said terms of the relationship with Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., are set forth by agreement(s) and/or policies that include but are not limited to the following terms: the

Defendant, Amazon.com, Inc., limits access to information regarding customers of products listed on its website, including the subject tabletop fire pit.

63.    Upon information and belief, said terms of the relationship with Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., are set forth by agreement(s) and/or policies that include but are not limited to the following terms: Amazon.com, Inc. controls communications with its customers and mandates that its customers must exclusively be contacted through the Defendant, Amazon.com, Inc.'s platform.

64.    Upon information and belief, said terms of the relationship with Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., are set forth by agreement(s) and/or policies that include but are not limited to the following terms: the Defendant, Amazon.com, Inc. receives all sales proceeds from the transactions for products listed on its website, including the subject tabletop fire pit, and remits payment to sellers.

65.    Upon information and belief, at all relevant times herein, the Defendant, Amazon.com, Inc., voluntarily undertook, and continues to voluntarily undertake, to provide a number of safety-related services for the benefit of users, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, who purchase and use products through Amazon's website, Amazon.com.

66.    Upon information and belief, for a significant period of time prior to and including June 10, 2024, the Defendant, Amazon.com, Inc., voluntarily undertook to provide a number of safety-related services and represented to users of Amazon.com that it provided those aforementioned safety-related services.

67.    Upon information and belief, at all relevant times herein, the Defendant, Amazon.com, Inc., voluntarily undertook, and continues to voluntarily undertake, to provide a number of safety-related services, including but not limited to vetting the safety and reliability of

the sellers that use its website, Amazon.com.

68. Upon information and belief, at all relevant times herein, the Defendant, Amazon.com, Inc., voluntarily undertook, and continues to voluntarily undertake, to provide a number of safety-related services, including but not limited to vetting the safety and reliability of the products sold on its website, Amazon.com.

69. Upon information and belief, at all relevant times herein, the Defendant, Amazon.com, Inc., held itself out, and continues to hold itself out, as monitoring the safety of the products listed on its website, including the subject tabletop fire pit.

70. Upon information and belief, at all relevant times herein, the Defendant, Amazon.com, Inc., represented, and continues to represent, that they ensure the safety of products listed on their website, including the subject tabletop fire pit, by initiating product safety investigations.

71. Upon information and belief, at all relevant times herein, the Defendant, Amazon.com, Inc., represents to users of its website, Amazon.com, that it voluntarily undertook, and continues to voluntarily undertake, a number of safety-related services and makes those aforementioned representations through posts on its website, Amazon.com.

72. Upon information and belief, the Defendant, Amazon.com, Inc., was aware of multiple customer reviews and/or complaints made on its website that the subject tabletop fire pit and/or products that were substantially similar to the subject tabletop fire pit were prone to "flame jetting," a phenomenon wherein flames are spontaneously and without warning propelled outwards a significant distance.

73. Upon information and belief, prior to June 10, 2024, and up to and including June 8, 2025, Plaintiffs relied upon the Defendant, Amazon.com, Inc., to perform the aforementioned

safety-related services because, among other things, Amazon marketed itself as a safe and reliable marketplace.

74. Upon information and belief, prior to June 10, 2024, and up to and including June 8, 2025, Plaintiffs relied upon the Defendant, Amazon.com, Inc., to perform the aforementioned safety-related services, including but not limited to verifying the reliability of the Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd.

75. Upon information and belief, prior to June 10, 2024, and up to and including June 8, 2025, Plaintiff relied upon the Defendant, Amazon.com, Inc., to perform the aforementioned safety-related services, including but not limited to verifying the safety and reliability of subject tabletop fire pit.

76. Upon information and belief, prior to June 10, 2024, the Defendant, Amazon.com, Inc., was aware of multiple customer reviews and/or complaints made on its website that the subject tabletop fire pit and/or products that were substantially similar to the subject tabletop fire pit were prone to "flame jetting," a phenomenon wherein flames are spontaneously and without warning propelled outwards a significant distance.

77. Upon information and belief, prior to June 8, 2025, the Defendant, Amazon.com, Inc., was aware of multiple customer reviews and/or complaints made on its website that the subject tabletop fire pit and/or products that were substantially similar to the subject tabletop fire pit were prone to "flame jetting," a phenomenon wherein flames are spontaneously and without warning propelled outwards a significant distance.

78. Upon information and belief, prior to June 10, 2024, the Defendant, Amazon.com, Inc., was aware that multiple individuals were harmed or products that were substantially similar to the subject tabletop fire pit due to the "flame jetting" phenomenon.

79. Upon information and belief, prior to June 8, 2025, the Defendant, Amazon.com, Inc., was aware that multiple individuals were harmed or products that were substantially similar to the subject tabletop fire pit due to the "flame jetting" phenomenon.

80. Upon information and belief, the Defendant, Amazon.com, Inc., was on notice that the subject fire pit was unreasonably dangerous before it was purchased by Plaintiff, Kristen Leavitt, on June 10, 2024.

81. Upon information and belief, the Defendant, Amazon.com, Inc., was on notice that the subject fire pit was unreasonably dangerous before Plaintiffs were injured by it on June 8, 2025.

82. Upon information and belief, prior to June 10, 2024, the Defendant, Amazon.com, Inc., had actual notice that the subject tabletop fire pit and/or products that were substantially similar to the subject tabletop fire pit were prone to "flame jetting," a phenomenon wherein flames are spontaneously and without warning propelled outwards a significant distance.

83. Upon information and belief, prior to June 8, 2025, the Defendant, Amazon.com, Inc., had actual notice that the subject tabletop fire pit and/or products that were substantially similar to the subject tabletop fire pit were prone to "flame jetting," a phenomenon wherein flames are spontaneously and without warning propelled outwards a significant distance.

84. Upon information and belief, prior to June 8, 2025, the Defendant, Amazon.com, Inc., had actual notice that the subject tabletop fire pit and/or products that were substantially similar to the subject tabletop fire pit were prone to "flame jetting" because the United States Consumer Product Safety Commission issued a warning that these aforementioned fire pits, including the subject tabletop fire pit, present hazards including flame jetting and other fire hazards that had already caused deaths as well as injured dozens.

85. Upon information and belief, an investigation by the Defendant, Amazon.com, Inc., would have revealed that defects that made the subject tabletop fire pit unreasonably dangerous.

86. Upon information and belief, despite the fact that the Defendant, Amazon.com, Inc., was on notice, Amazon did not: (1) properly vet Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd.; (2) properly vet the subject tabletop fire pit before listing it on the Defendant Amazon.com, Inc.'s, website; (3) recall, remove, or bar the subject tabletop firepit from the Defendant Amazon.com, Inc.'s, website; or (4) warn or otherwise notify the Plaintiffs about the unreasonably dangerous condition of the subject tabletop fire pit.

## AS AND FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY (DESIGN DEFECT, MANUFACTURING DEFECT, WARNING DEFECT) AGAINST DEFENDANT, ROSEMEAD HOME & GARDEN, INC.:

1. Plaintiffs repeat all prior allegations herein.

2. Upon information and belief, at all times herein relevant, Defendant, Rosemead Home & Garden, Inc., was in the business of designing, manufacturing, engineering, assembling, testing, marketing, repairing, inspecting, maintaining, developing, distributing and/or selling certain products, including but not limited to tabletop fire pits and/or some or all of the component parts thereof.

3. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., designed a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, the "the tabletop fire pit" or "subject the tabletop fire pit").

4. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., developed a certain tabletop fire pit, known as a Kante 18" L Rectangular

Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

5.        Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., engineered a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

6.        Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., manufactured a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

7.        Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., assembled a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

8.        Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., inspected a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

9.        Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., marketed a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

10. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., distributed a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

11. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., sold a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

12. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., placed the subject tabletop fire pit into the stream of commerce.

13. Upon information and belief, at all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., designed, engineered, developed, manufactured, assembled, inspected, distributed and/or sold the subject tabletop fire pit for the intended use by individuals, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

14. On or about June 10, 2024, a Kante 18" L Rectangular Tabletop Fire Pit with Portable Rubbing Alcohol Fire Bowl ("the tabletop fire pit" or "the subject tabletop fire pit") was purchased by Plaintiff, Kristen Leavitt, on Amazon.com for Plaintiff, Deborah Leavitt.

15. Upon information and belief, on or around June 8, 2025, while at their home located in the City of Saratoga, County of Saratoga and State of New York, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were using the subject tabletop fire pit.

16. When the Plaintiffs, Deborah Leavitt and Kristen Leavitt, lit the subject tabletop fire pit on such date, the subject tabletop fire pit, without warning, exploded and engulfed the

Plaintiffs in flames, resulting in severe and permanent injuries, including but not limited to, severe burns.

17.     Plaintiff, Deborah Leavitt, suffered severe burns to approximately twenty-two percent of her body.

18.     Plaintiff, Kristen Leavitt, suffered severe burns to approximately over forty-four percent of her body.

19.     As a result of the severe burns suffered by Plaintiffs, they required emergency medical treatment, surgical intervention, and ongoing medical care.

20.     At the time the subject tabletop fire pit (and its component parts) left the control of the Defendant, Rosemead Home & Garden, Inc., it was in a defective and unsafe condition.

21.     At the time the subject tabletop fire pit (and its component parts) left the control of the Defendant, Rosemead Home & Garden, Inc., it was unreasonably dangerous when put to its ordinary, intended and reasonably foreseeable use(s).

22.     The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system requires users to pour liquid fuel into an open container or bowl.

23.     The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a separate, sealed fuel tank.

24.     The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a mechanism to prevent refueling when it was still hot.

25.     The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature(s), including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

26.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting.

27.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have inadequate heat dissipation capabilities that fail to prevent premature vaporization and/or flame jetting.

28.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have a heat-retaining construction that leads to flame jetting.

29.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature that would indicate flame presence.

30.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system included an open container or bowl that can more easily spill and/or spread fuel.

31.    The subject tabletop fire pit was defective, unsafe for its intended use, and unreasonably dangerous as it failed to perform as an ordinary user would expect when used in an intended and reasonably foreseeable manner.

32.    At the time the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries occurred, the subject tabletop fire pit was being used for the purpose of and in the manner in which it is normally and foreseeably intended to be used.

33.    The subject tabletop fire pit was defectively designed in that it was unreasonably dangerous for its intended and reasonably foreseeable use.

34.     A safer alternative design was economically and technologically feasible at the time the subject tabletop fire pit left the control of Defendant, Rosemead Home & Garden, Inc.

35.     At the time the subject tabletop fire pit left the control of Defendant, Rosemead Home & Garden, Inc., it was defectively manufactured as it failed to perform as the Defendant, Rosemead Home & Garden, Inc., designed the product-line to perform and as the Defendant, Rosemead Home & Garden, Inc., intended.

36.     At the time the subject tabletop fire pit left the control of the Defendant, Rosemead Home & Garden, Inc., it was defective because it lacked adequate warnings.

37.     The Defendant, Rosemead Home & Garden, Inc., failed to adequately warn users of the defective nature of the subject tabletop fire pit it placed into the stream of commerce, of which it had or should have had knowledge.

38.     The warnings were inadequate because they failed to warn or inadequately warned users of the subject tabletop fire pit that the subject tabletop fire pit lacked a mechanism to prevent refueling while it was still hot.

39.     The warnings were inadequate because they failed to warn or inadequately warned users of the subject tabletop fire pit that the subject tabletop fire pit did not have a safety feature(s), including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

40.     The warnings were inadequate because they failed to warn or inadequately warned users that the subject tabletop fire pit failed to have safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting.

41. The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit had inadequate heat dissipation capabilities that failed to prevent premature vaporization and/or flame jetting.

42. The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit had a heat-retaining construction that leads to flame jetting.

43. The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit did not a safety feature that would indicate flame presence.

44. The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit had a fuel system included an open container or bowl that can more easily spill and/or spread fuel.

45. The Defendant, Rosemead Home & Garden, Inc., knew or should have known, through the exercise of reasonable care and diligence, of the defect(s) described herein regarding the subject tabletop fire pit before placing it into the stream of commerce.

46. The Defendant, Rosemead Home & Garden, Inc., knew or should have known, through the exercise of reasonable care and diligence, that the subject tabletop fire pit had a fuel system that required users to pour liquid fuel into an open container or bowl.

47. The Defendant, Rosemead Home & Garden, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had a fuel system that lacked a separate, sealed fuel tank.

48. The Defendant, Rosemead Home & Garden, Inc., knew or should have known through the exercise of reasonable care that the subject tabletop fire pit had a fuel system that lacked a mechanism to prevent refueling when it was still hot.

49.     The Defendant, Rosemead Home & Garden, Inc., knew or should have known through the exercise of reasonable care that the subject tabletop fire pit failed to have a safety feature(s), including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

50.     The Defendant, Rosemead Home & Garden, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit failed to safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting

51.     The Defendant, Rosemead Home & Garden, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had surfaces and/or subject components with inadequate heat dissipation capabilities that failed to prevent premature vaporization and/or flame jetting

52.     The Defendant, Rosemead Home & Garden, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had surfaces and/or subject components with a heat-retaining construction that leads to flame jetting.

53.     The Defendant, Rosemead Home & Garden, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit failed to have a safety feature that would indicate flame presence.

54.     The Defendant, Rosemead Home & Garden, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had a fuel system included an open container or bowl that can more easily spill and/or spread fuel.

55.     Users of the subject tabletop fire pit could not, by the exercise of reasonable care, have discovered said defect(s) and/or perceived the danger(s) thereof.

56. The subject tabletop fire pit was defective, unsafe, unreasonably dangerous, and hazardous, given its design, manufacturing and/or warning defect(s).

57. The subject tabletop fire pit was intended to and did reach an ultimate users, namely the Plaintiffs, Deborah Leavitt and Kristen Leavitt, without substantial modification or alteration from the time it was designed, engineered, developed, manufactured, assembled, inspected, distributed, marketed, sold and/or placed on the market by the Defendant, Rosemead Home & Garden, Inc.

58. Defendant, Rosemead Home & Garden, Inc., knew that the subject tabletop fire pit was to be purchased and used by consumers and/or the users thereof, such as the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

59. The Defendant, Rosemead Home & Garden, Inc., knew or should have known that the subject tabletop fire pit was to be purchased by consumers and used without inspection for defects by individuals, such as the Plaintiffs, Deborah Leavitt and Kristen Leavitt, and the general public.

60. The Plaintiffs, Deborah Leavitt and Kristen Leavitt, were not aware of the aforementioned defect(s) in the subject tabletop fire pit at any time prior to and including June 8, 2025.

61. The Plaintiffs, Deborah Leavitt and Kristen Leavitt, could not, by the exercise of reasonable care, have discovered said defect(s) of the subject tabletop fire pit.

62. As a direct and proximate result of the defect(s) in, and unreasonably dangerous condition of the subject tabletop fire pit, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused to sustain certain severe, catastrophic and permanent injuries, excruciating conscious pain and suffering, emotional trauma and substantial damages, including, but not limited to, severe

burns to significant portions of their bodies, among other injuries, and the sequelae thereof, as well as significant economic damages.

63.    The subject tabletop fire pit's defects were a substantial factor in causing the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries, damages and the sequalae thereof.

64.    The aforesaid injuries, damages and the sequalae thereof, sustained by the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused by the unsafe, defective and dangerous condition of the subject tabletop fire pit, without any fault on the part of the Plaintiffs contributing thereto.

65.    By reason of the foregoing, the Defendant, Rosemead Home & Garden, Inc., is strictly liable to the Plaintiffs for the injuries sustained by said Plaintiffs.

66.    By reason of the foregoing, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, has been severely and permanently injured and damaged and demands judgment against the Defendant, Rosemead Home & Garden, Inc., in a substantial sum of money.

**AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION FOR BREACH OF WARRANTY AGAINST DEFENDANT, ROSEMEAD HOME & GARDEN, INC.:**

67.    Plaintiffs repeat all prior allegations herein.

68.    Upon information and belief, at all times herein relevant, Defendant, Rosemead Home & Garden, Inc., was in the business of designing, manufacturing, engineering, assembling, testing, marketing, repairing, inspecting, maintaining, developing, distributing and/or selling certain products, including but not limited to the tabletop fire pits and/or some or all of the component parts thereof.

69.     The Defendant, Rosemead Home & Garden, Inc., marketed, repaired, inspected, maintained, distributed and/or sold the subject tabletop fire pit for its intended use by individuals, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

70.     On or about June 10, 2024, a Kante 18" L Rectangular Tabletop Fire Pit with Portable Rubbing Alcohol Fire Bowl ("the tabletop fire pit" or "the subject tabletop fire pit") was purchased by Plaintiff, Kristen Leavitt, on Amazon.com for Plaintiff, Deborah Leavitt.

71.     Upon information and belief, on or around June 8, 2025, while at their home located in the City of Saratoga, County of Saratoga and State of New York, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were using the subject tabletop fire pit.

72.     When the Plaintiffs, Deborah Leavitt and Kristen Leavitt, lit the subject tabletop fire pit on such date, the subject tabletop fire pit, without warning, exploded and engulfed the Plaintiffs in flames, resulting in severe and permanent injuries, including but not limited to, severe burns.

73.     Plaintiff, Deborah Leavitt, suffered severe burns to approximately twenty-two percent of her body.

74.     Plaintiff, Kristen Leavitt, suffered severe burns to approximately over forty-four percent of her body.

75.     As a result of the severe burns suffered by Plaintiffs, they required emergency medical treatment, surgical intervention, and ongoing medical care.

76.     The Defendant, Rosemead Home & Garden, Inc., held itself out as knowledgeable with regard to the design, engineering, development, manufacture, assembly, inspection, testing, maintenance, marketing, distribution and/or sale of the subject tabletop fire pit.

77.     The Defendant, Rosemead Home & Garden, Inc., expressly warranted that the subject tabletop fire pit and/or its component parts were merchantable, of good quality, and fit and safe for the ordinary purpose for which they were intended.

78.     The Plaintiffs, Deborah Leavitt and Kristen Leavitt, relied upon such express warranty.

79.     The Defendant, Rosemead Home & Garden, Inc., impliedly warranted that the subject tabletop fire pit and/or its component parts were merchantable, of good quality, and fit and safe for the ordinary purpose for which it was intended.

80.     The Plaintiffs, Deborah Leavitt and Kristen Leavitt, relied upon such implied warranty.

81.     Following the design, development, manufacture, inspection, marketing, distribution and/or sale of the subject tabletop fire pit by the Defendant, Rosemead Home & Garden, Inc., the subject tabletop fire pit reached its ultimate users, the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

82.     The subject tabletop fire pit reached its ultimate users, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, without substantial alteration or modification thereof.

83.     The use of the subject tabletop fire pit on June 8, 2025, was a use reasonably contemplated by the Defendant, Rosemead Home & Garden, Inc.

84.     The use of the subject tabletop fire pit on June 8, 2025, was a use reasonably intended by the Defendant, Rosemead Home & Garden, Inc.

85.     The use of the subject tabletop fire pit on June 8, 2025, was a use reasonably foreseeable by the Defendant, Rosemead Home & Garden, Inc.

86.     The Defendant, Rosemead Home & Garden, Inc., knew that the subject tabletop fire pit would be used and was used in the manner for which it was warranted.

87.     The Defendant, Rosemead Home & Garden, Inc., should have known, through the exercise of reasonable care and diligence, that the subject tabletop fire pit would be used and was used in the manner for which it was warranted.

88.     The Defendant, Rosemead Home & Garden, Inc., breached the aforesaid express warranty in that the subject tabletop fire pit was not of good and merchantable quality, was unsafe for use, was of unsafe design and manufacture, was not fit for the particular purpose for which it was intended, and was inherently dangerous.

89.     The Defendant, Rosemead Home & Garden, Inc., breached the aforesaid implied warranty in that the subject tabletop fire pit was not of good and merchantable quality, was unsafe for use, was of unsafe design and manufacture, was not fit for the particular purpose for which it was intended, and was inherently dangerous.

90.     As a direct and proximate result of the foregoing breach of warranty, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, was caused to sustain certain severe, catastrophic and permanent injuries, excruciating conscious pain and suffering, emotional trauma and substantial damages, including, but not limited to, severe burns to significant portions of their bodies, among other injuries, and the sequelae thereof, as well as significant economic damages.

91.     The Defendant, Rosemead Home & Garden, Inc.'s breach of warranty was a substantial factor in causing the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries, damages and sequalae thereof.

92.     The aforesaid injuries, damages and the sequelae thereof, sustained by the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused by the breach of warranty on the part

of the Defendants herein, including the Defendant, Rosemead Home & Garden, Inc., without any fault on the part of the Plaintiffs contributing thereto.

93.     By reason of the foregoing, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, has been severely and permanently injured and damaged and demands judgment against the Defendant, Rosemead Home & Garden, Inc., in a substantial sum of money.

**AS AND FOR A THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT, ROSEMEAD HOME & GARDEN, INC.:**

94.     Plaintiffs repeat all prior allegations herein.

95.     Upon information and belief, at all times herein relevant, Defendant, Rosemead Home & Garden, Inc., was in the business of designing, manufacturing, engineering, assembling, testing, marketing, repairing, inspecting, maintaining, developing, distributing and/or selling certain products, including but not limited to the tabletop fire pits and/or some or all of the component parts thereof.

96.     Following the design, engineering, development, manufacture, assembly, inspection, repair, marketing, distribution and sale of the subject tabletop fire pit and/or some or all of the component parts thereof by the Defendant, Rosemead Home & Garden, Inc., the subject tabletop fire pit reached its ultimate users, the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

97.     The subject tabletop fire pit reached the Plaintiffs, Deborah Leavitt and Kristen Leavitt, without substantial alteration or modification thereof.

98.     At all times herein relevant, Defendant, Rosemead Home & Garden, Inc., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to exercise reasonable care in the design, engineering, development, manufacture and assembly of the subject tabletop fire pit, including its component parts, so that it was reasonably safe for its intended and/or foreseeable use(s) and purpose(s).

99.     At all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to properly inspect the subject tabletop fire pit before placing it on the market for sale.

100.    At all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to ensure the subject tabletop fire pit, including its component parts, was safe to use and free of defect(s).

101.    At all times herein relevant, the Defendant, Rosemead Home & Garden, Inc., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to adequately warn of dangers inherent in the use of the subject tabletop fire pit which it knew or should have known at the time of design and manufacture, and of which it learned or should have learned subsequent to the distribution and sale of the subject tabletop fire pit, but prior to June 8, 2025.

102.    On or about June 10, 2024, a Kante 18" L Rectangular Tabletop Fire Pit with Portable Rubbing Alcohol Fire Bowl ("the tabletop fire pit" or "the subject tabletop fire pit") was purchased by Plaintiff, Kristen Leavitt, on Amazon.com for Plaintiff, Deborah Leavitt.

103.    Upon information and belief, on or around June 8, 2025, while at their home located in the City of Saratoga, County of Saratoga and State of New York, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were using the subject tabletop fire pit.

104.    When the Plaintiffs, Deborah Leavitt and Kristen Leavitt, lit the subject tabletop fire pit on such date, the subject tabletop fire pit, without warning, exploded and engulfed the Plaintiffs in flames, resulting in severe and permanent injuries, including but not limited to, severe burns.

105. Plaintiff, Deborah Leavitt, suffered severe burns to approximately twenty-two percent of her body.

106. Plaintiff, Kristen Leavitt, suffered severe burns to approximately over forty-four percent of her body.

107. As a result of the severe burns suffered by Plaintiffs, they required emergency medical treatment, surgical intervention, and ongoing medical care.

108. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system requires users to pour liquid fuel into an open container or bowl.

109. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a separate, sealed fuel tank.

110. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a mechanism to prevent refueling when it was still hot.

111. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature(s), including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

112. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting.

113. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have inadequate heat dissipation capabilities that fail to prevent premature vaporization and/or flame jetting.

114. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have a heat-retaining construction that leads to flame jetting.

115. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature that would indicate flame presence.

116. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system included an open container or bowl that can more easily spill and/or spread fuel.

117. At the time the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries occurred, the subject tabletop fire pit was being used for the purpose of and in the manner in which it is normally and foreseeably intended to be used.

118. At the time the subject tabletop fire pit left the control of Defendant, Rosemead Home & Garden, Inc., it failed to perform as the Defendant, Rosemead Home & Garden, Inc., designed the subject tabletop fire pit to perform.

119. At the time the subject tabletop fire pit left the control of the Defendant, Rosemead Home & Garden, Inc., it failed to perform as the Defendant, Rosemead Home & Garden, Inc., intended the subject tabletop fire pit to perform.

120. The subject tabletop fire pit was defectively designed in that it was unreasonably dangerous for its intended and reasonably foreseeable use.

121. A safer alternative design was economically and technologically feasible at the time the subject tabletop fire pit left the control of Defendant, Rosemead Home & Garden, Inc.

122.    The Defendant, Rosemead Home & Garden, Inc., failed to adequately warn users of the defective nature of the product it placed into the stream of commerce, of which it had or should have had knowledge.

123.    Users of the subject tabletop fire pit could not, by the exercise of reasonable care, have discovered and/or perceived the danger(s) thereof.

124.    The Defendant, Rosemead Home & Garden, Inc., failed to exercise ordinary care and breached its aforementioned duty to the Plaintiffs, by, including but not limited to, the following:

   a)    Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to a separate, sealed fuel tank;

   b)    Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to a mechanism to prevent refueling when it was still hot;

   c)    Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting;

   d)    Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting;

   e)    Failing to incorporate materials, surfaces, and/or subject components that had adequate heat dissipation capabilities to prevent premature vaporization and/or flame jetting;

f) Failing to incorporate materials, surfaces, and/or subject components that prevented heat retention and/or reduce the risk of flame jetting;

g) Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to a feature to indicate flame presence;

h) Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to a fuel system design that would reduce the risk of spilling and/or spreading fuel.

i) Failing to warn and/or inadequately warning users of the subject tabletop fire pit of the dangers thereof;

j) Failing to properly and adequately design the subject tabletop fire pit;

k) Failing to properly and adequately develop the subject tabletop fire pit;

l) Failing to properly and adequately manufacture the subject tabletop fire pit;

m) Failing to properly and adequately engineer the subject tabletop fire pit;

n) Failing to properly and adequately assemble the subject tabletop fire pit;

o) Failing to properly and adequately test the subject tabletop fire pit;

p) Failing to properly and adequately inspect the subject tabletop fire pit before placing it on the market for sale;

q) Failing to properly and adequately market the subject tabletop fire pit;

r) Failing to ensure the subject tabletop fire pit, including its component parts, were safe to use and free from dangerous conditions;

s) Causing and/or allowing the subject tabletop fire pit to be dangerous and/or hazardous when used for its intended purpose;

t)      and the Defendant, Rosemead Home & Garden, Inc., its agents, servants, employees and/or subsidiaries, was in other ways negligent and careless.

125.   By reason of the foregoing negligence, carelessness and breach of duty of the Defendant, Rosemead Home & Garden, Inc., the subject tabletop fire pit, including its component parts, was in a defective, unsafe, dangerous and/or hazardous condition.

126.   Upon information and belief, at the time the subject tabletop fire pit left the control of the Defendant, Rosemead Home & Garden, Inc., it was in a defective and unsafe condition and was unreasonably dangerous when put into its ordinary, intended and reasonably foreseeable use(s).

127.   By reason of the foregoing negligence, carelessness, and breach of duty, the Defendant, Rosemead Home & Garden, Inc., knew or should have known that the subject tabletop fire pit, including its component parts, was in a defective, unsafe, dangerous and/or hazardous condition.

128.   The subject tabletop fire pit, with its component parts, was negligently placed on the market, distributed and sold by the Defendant, Rosemead Home & Garden, Inc., when it was not reasonably safe for use by users and operators thereof, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

129.   Defendant, Rosemead Home & Garden, Inc., knew or should have known that the product was to be purchased by consumers and used without inspection for defects by the general public and more particularly, the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

130.   The Plaintiffs, Deborah Leavitt and Kristen Leavitt, were not aware of the aforementioned defects at any time prior to June 8, 2025.

131.    The Plaintiffs, Deborah Leavitt and Kristen Leavitt, could not, by the exercise of reasonable care, have discovered said defect(s) of the subject tabletop fire pit.

132.    As a direct and proximate result of the negligence and carelessness of the Defendant, Rosemead Home & Garden, Inc., its agents, servants, employees and/or subsidiaries, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, was caused to sustain certain severe, catastrophic and permanent injuries, excruciating conscious pain and suffering, emotional trauma and substantial damages, including, but not limited to, severe burns to significant portions of their bodies, among other injuries, and the sequelae thereof, as well as significant economic damages.

133.    The subject tabletop fire pit's defects were a substantial factor in bringing about the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries, damages and the sequalae thereof.

134.    The aforesaid injuries, damages and the sequelae thereof, sustained by the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused by the negligent and careless acts, conduct, omissions and/or commissions on the part of the Defendants herein, including the Defendant, Rosemead Home & Garden, Inc., without any fault on the part of the Plaintiffs contributing thereto.

135.    In addition to the proof of specific acts of negligence of the Defendants herein, the Plaintiffs reserves the right to rely upon the doctrine of r*es ipsa loquitur* to establish the negligence of the Defendants herein.

136.    By reason of the foregoing, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, have been severely and permanently injured and damaged and demands judgment against the Defendant, Rosemead Home & Garden, Inc., in a substantial sum of money.

**AS AND FOR A FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY (DESIGN DEFECT, MANUFACTURING DEFECT, WARNING DEFECT) AGAINST DEFENDANT, XINXING JUJIANG CRAFT PRODUCTS INDUSTRIAL CO., LTD.:**

1.      Plaintiffs repeat all prior allegations herein.

2.      Upon information and belief, at all times herein relevant, Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., was in the business of designing, manufacturing, engineering, assembling, testing, marketing, repairing, inspecting, maintaining, developing, distributing and/or selling certain products, including but not limited to tabletop fire pits and/or some or all of the component parts thereof.

3.      Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., designed a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, the "the tabletop fire pit" or "subject the tabletop fire pit").

4.      Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., developed a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

5.      Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., engineered a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

6.      Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., manufactured a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

7.      Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., assembled a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

8.      Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., inspected a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

9.      Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., marketed a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

10.      Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., distributed a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire

pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

11.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., sold a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

12.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., placed the subject tabletop fire pit into the stream of commerce.

13.    Upon information and belief, at all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., designed, engineered, developed, manufactured, assembled, inspected, distributed and/or sold the subject tabletop fire pit for the intended use by individuals, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

14.    On or about June 10, 2024, a Kante 18" L Rectangular Tabletop Fire Pit with Portable Rubbing Alcohol Fire Bowl ("the tabletop fire pit" or "the subject tabletop fire pit") was purchased by Plaintiff, Kristen Leavitt, on Amazon.com for Plaintiff, Deborah Leavitt.

15.    Upon information and belief, on or around June 8, 2025, while at their home located in the City of Saratoga, County of Saratoga and State of New York, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were using the subject tabletop fire pit.

16.    When the Plaintiffs, Deborah Leavitt and Kristen Leavitt, lit the subject tabletop fire pit on such date, the subject tabletop fire pit, without warning, exploded and engulfed the

Plaintiffs in flames, resulting in severe and permanent injuries, including but not limited to, severe burns.

17.    Plaintiff, Deborah Leavitt, suffered severe burns to approximately twenty-two percent of her body.

18.    Plaintiff, Kristen Leavitt, suffered severe burns to approximately over forty-four percent of her body.

19.    As a result of the severe burns suffered by Plaintiffs, they required emergency medical treatment, surgical intervention, and ongoing medical care.

20.    At the time the subject tabletop fire pit (and its component parts) left the control of the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., it was in a defective and unsafe condition.

21.    At the time the subject tabletop fire pit (and its component parts) left the control of the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., it was unreasonably dangerous when put to its ordinary, intended and reasonably foreseeable use(s).

22.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system requires users to pour liquid fuel into an open container or bowl.

23.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a separate, sealed fuel tank.

24.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a mechanism to prevent refueling when it was still hot.

25.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature(s), including but not limited to proper venting, vapor-

blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

26. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting.

27. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have inadequate heat dissipation capabilities that fail to prevent premature vaporization and/or flame jetting.

28. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have a heat-retaining construction that leads to flame jetting.

29. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature that would indicate flame presence.

30. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system included an open container or bowl that can more easily spill and/or spread fuel.

31. The subject tabletop fire pit was defective, unsafe for its intended use, and unreasonably dangerous as it failed to perform as an ordinary user would expect when used in an intended and reasonably foreseeable manner.

32. At the time the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries occurred, the subject tabletop fire pit was being used for the purpose of and in the manner in which it is normally and foreseeably intended to be used.

33. The subject tabletop fire pit was defectively designed in that it was unreasonably dangerous for its intended and reasonably foreseeable use.

34. A safer alternative design was economically and technologically feasible at the time the subject tabletop fire pit left the control of Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd.

35. At the time the subject tabletop fire pit left the control of Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., it was defectively manufactured as it failed to perform as the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., designed the product-line to perform and as the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., intended.

36. At the time the subject tabletop fire pit left the control of the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., it was defective because it lacked adequate warnings.

37. The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., failed to adequately warn users of the defective nature of the subject tabletop fire pit it placed into the stream of commerce, of which it had or should have had knowledge.

38. The warnings were inadequate because they failed to warn or inadequately warned users of the subject tabletop fire pit that the subject tabletop fire pit lacked a mechanism to prevent refueling while it was still hot.

39. The warnings were inadequate because they failed to warn or inadequately warned users of the subject tabletop fire pit that the subject tabletop fire pit did not have a safety feature(s), including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

40. The warnings were inadequate because they failed to warn or inadequately warned users that the subject tabletop fire pit failed to have safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting.

41. The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit had inadequate heat dissipation capabilities that failed to prevent premature vaporization and/or flame jetting.

42. The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit had a heat-retaining construction that leads to flame jetting.

43. The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit did not a safety feature that would indicate flame presence.

44. The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit had a fuel system included an open container or bowl that can more easily spill and/or spread fuel.

45. The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known, through the exercise of reasonable care and diligence, of the defect(s) described herein regarding the subject tabletop fire pit before placing it into the stream of commerce.

46. The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known, through the exercise of reasonable care and diligence, that the subject tabletop fire pit had a fuel system that required users to pour liquid fuel into an open container or bowl.

47. The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had a fuel system that lacked a separate, sealed fuel tank.

48.     The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known through the exercise of reasonable care that the subject tabletop fire pit had a fuel system that lacked a mechanism to prevent refueling when it was still hot.

49.     The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known through the exercise of reasonable care that the subject tabletop fire pit failed to have a safety feature(s), including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

50.     The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit failed to safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting

51.     The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had surfaces and/or subject components with inadequate heat dissipation capabilities that failed to prevent premature vaporization and/or flame jetting

52.     The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had surfaces and/or subject components with a heat-retaining construction that leads to flame jetting.

53.     The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit failed to have a safety feature that would indicate flame presence.

54.    The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had a fuel system included an open container or bowl that can more easily spill and/or spread fuel.

55.    Users of the subject tabletop fire pit could not, by the exercise of reasonable care, have discovered said defect(s) and/or perceived the danger(s) thereof.

56.    The subject tabletop fire pit was defective, unsafe, unreasonably dangerous, and hazardous, given its design, manufacturing and/or warning defect(s).

57.    The subject tabletop fire pit was intended to and did reach an ultimate users, namely the Plaintiffs, Deborah Leavitt and Kristen Leavitt, without substantial modification or alteration from the time it was designed, engineered, developed, manufactured, assembled, inspected, distributed, marketed, sold and/or placed on the market by the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd.

58.    Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew that the subject tabletop fire pit was to be purchased and used by consumers and/or the users thereof, such as the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

59.    The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known that the subject tabletop fire pit was to be purchased by consumers and used without inspection for defects by individuals, such as the Plaintiffs, Deborah Leavitt and Kristen Leavitt, and the general public.

60.    The Plaintiffs, Deborah Leavitt and Kristen Leavitt, were not aware of the aforementioned defect(s) in the subject tabletop fire pit at any time prior to and including June 8, 2025.

61.     The Plaintiffs, Deborah Leavitt and Kristen Leavitt, could not, by the exercise of reasonable care, have discovered said defect(s) of the subject tabletop fire pit.

62.     As a direct and proximate result of the defect(s) in, and unreasonably dangerous condition of the subject tabletop fire pit, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused to sustain certain severe, catastrophic and permanent injuries, excruciating conscious pain and suffering, emotional trauma and substantial damages, including, but not limited to, severe burns to significant portions of their bodies, among other injuries, and the sequelae thereof, as well as significant economic damages.

63.     The subject tabletop fire pit's defects were a substantial factor in causing the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries, damages and the sequalae thereof.

64.     The aforesaid injuries, damages and the sequalae thereof, sustained by the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused by the unsafe, defective and dangerous condition of the subject tabletop fire pit, without any fault on the part of the Plaintiffs contributing thereto.

65.     By reason of the foregoing, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., is strictly liable to the Plaintiffs for the injuries sustained by said Plaintiffs.

66.     By reason of the foregoing, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, has been severely and permanently injured and damaged and demands judgment against the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., in a substantial sum of money.

**AS AND FOR A FIFTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR BREACH OF WARRANTY AGAINST DEFENDANT, XINXING JUJIANG CRAFT PRODUCTS INDUSTRIAL CO., LTD.:**

67.     Plaintiffs repeat all prior allegations herein.

68. Upon information and belief, at all times herein relevant, Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., was in the business of designing, manufacturing, engineering, assembling, testing, marketing, repairing, inspecting, maintaining, developing, distributing and/or selling certain products, including but not limited to the tabletop fire pits and/or some or all of the component parts thereof.

69. The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., marketed, repaired, inspected, maintained, distributed and/or sold the subject tabletop fire pit for its intended use by individuals, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

70. On or about June 10, 2024, a Kante 18" L Rectangular Tabletop Fire Pit with Portable Rubbing Alcohol Fire Bowl ("the tabletop fire pit" or "the subject tabletop fire pit") was purchased by Plaintiff, Kristen Leavitt, on Amazon.com for Plaintiff, Deborah Leavitt.

71. Upon information and belief, on or around June 8, 2025, while at their home located in the City of Saratoga, County of Saratoga and State of New York, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were using the subject tabletop fire pit.

72. When the Plaintiffs, Deborah Leavitt and Kristen Leavitt, lit the subject tabletop fire pit on such date, the subject tabletop fire pit, without warning, exploded and engulfed the Plaintiffs in flames, resulting in severe and permanent injuries, including but not limited to, severe burns.

73. Plaintiff, Deborah Leavitt, suffered severe burns to approximately twenty-two percent of her body.

74. Plaintiff, Kristen Leavitt, suffered severe burns to approximately over forty-four percent of her body.

75.     As a result of the severe burns suffered by Plaintiffs, they required emergency medical treatment, surgical intervention, and ongoing medical care.

76.     The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., held itself out as knowledgeable with regard to the design, engineering, development, manufacture, assembly, inspection, testing, maintenance, marketing, distribution and/or sale of the subject tabletop fire pit.

77.     The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., expressly warranted that the subject tabletop fire pit and/or its component parts were merchantable, of good quality, and fit and safe for the ordinary purpose for which they were intended.

78.     The Plaintiffs, Deborah Leavitt and Kristen Leavitt, relied upon such express warranty.

79.     The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., impliedly warranted that the subject tabletop fire pit and/or its component parts were merchantable, of good quality, and fit and safe for the ordinary purpose for which it was intended.

80.     The Plaintiffs, Deborah Leavitt and Kristen Leavitt, relied upon such implied warranty.

81.     Following the design, development, manufacture, inspection, marketing, distribution and/or sale of the subject grinder by the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., the subject tabletop fire pit reached its ultimate users, the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

82.     The subject tabletop fire pit reached its ultimate users, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, without substantial alteration or modification thereof.

83.     The use of the subject tabletop fire pit on June 8, 2025, was a use reasonably contemplated by the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd.

84.    The use of the subject tabletop fire pit on June 8, 2025, was a use reasonably intended by the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd.

85.    The use of the subject tabletop fire pit on June 8, 2025, was a use reasonably foreseeable by the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd.

86.    The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew that the subject tabletop fire pit would be used and was used in the manner for which it was warranted.

87.    The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., should have known, through the exercise of reasonable care and diligence, that the subject tabletop fire pit would be used and was used in the manner for which it was warranted.

88.    The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., breached the aforesaid express warranty in that the subject tabletop fire pit was not of good and merchantable quality, was unsafe for use, was of unsafe design and manufacture, was not fit for the particular purpose for which it was intended, and was inherently dangerous.

89.    The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., breached the aforesaid implied warranty in that the subject tabletop fire pit was not of good and merchantable quality, was unsafe for use, was of unsafe design and manufacture, was not fit for the particular purpose for which it was intended, and was inherently dangerous.

90.    As a direct and proximate result of the foregoing breach of warranty, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, was caused to sustain certain severe, catastrophic and permanent injuries, excruciating conscious pain and suffering, emotional trauma and substantial damages, including, but not limited to, severe burns to significant portions of their bodies, among other injuries, and the sequelae thereof, as well as significant economic damages.

91.     The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd.'s breach of warranty was a substantial factor in causing the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries, damages and sequalae thereof.

92.     The aforesaid injuries, damages and the sequelae thereof, sustained by the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused by the breach of warranty on the part of the Defendants herein, including the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., without any fault on the part of the Plaintiffs contributing thereto.

93.     By reason of the foregoing, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, has been severely and permanently injured and damaged and demands judgment against the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., in a substantial sum of money.

**AS AND FOR A SIXTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT, XINXING JUJIANG CRAFT PRODUCTS INDUSTRIAL CO., LTD.:**

94.     Plaintiffs repeat all prior allegations herein.

95.     Upon information and belief, at all times herein relevant, Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., was in the business of designing, manufacturing, engineering, assembling, testing, marketing, repairing, inspecting, maintaining, developing, distributing and/or selling certain products, including but not limited to the tabletop fire pits and/or some or all of the component parts thereof.

96.     Following the design, engineering, development, manufacture, assembly, inspection, repair, marketing, distribution and sale of the subject tabletop fire pit and/or some or all of the component parts thereof by the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., the subject tabletop fire pit reached its ultimate users, the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

97.    The subject tabletop fire pit reached the Plaintiffs, Deborah Leavitt and Kristen Leavitt, without substantial alteration or modification thereof.

98.    At all times herein relevant, Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to exercise reasonable care in the design, engineering, development, manufacture and assembly of the subject tabletop fire pit, including its component parts, so that it was reasonably safe for its intended and/or foreseeable use(s) and purpose(s).

99.    At all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to properly inspect the subject tabletop fire pit before placing it on the market for sale.

100.    At all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to ensure the subject tabletop fire pit, including its component parts, was safe to use and free of defect(s).

101.    At all times herein relevant, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to adequately warn of dangers inherent in the use of the subject tabletop fire pit which it knew or should have known at the time of design and manufacture, and of which it learned or should have learned subsequent to the distribution and sale of the subject tabletop fire pit, but prior to June 8, 2025.

102.    On or about June 10, 2024, a Kante 18" L Rectangular Tabletop Fire Pit with Portable Rubbing Alcohol Fire Bowl ("the tabletop fire pit" or "the subject tabletop fire pit") was purchased by Plaintiff, Kristen Leavitt, on Amazon.com for Plaintiff, Deborah Leavitt.

103.    Upon information and belief, on or around June 8, 2025, while at their home located in the City of Saratoga, County of Saratoga and State of New York, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were using the subject tabletop fire pit.

104.    When the Plaintiffs, Deborah Leavitt and Kristen Leavitt, lit the subject tabletop fire pit on such date, the subject tabletop fire pit, without warning, exploded and engulfed the Plaintiffs in flames, resulting in severe and permanent injuries, including but not limited to, severe burns.

105.    Plaintiff, Deborah Leavitt, suffered severe burns to approximately twenty-two percent of her body.

106.    Plaintiff, Kristen Leavitt, suffered severe burns to approximately over forty-four percent of her body.

107.    As a result of the severe burns suffered by Plaintiffs, they required emergency medical treatment, surgical intervention, and ongoing medical care.

108.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system requires users to pour liquid fuel into an open container or bowl.

109.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a separate, sealed fuel tank.

110.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a mechanism to prevent refueling when it was still hot.

111.   The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature(s), including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

112.   The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting.

113.   The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have inadequate heat dissipation capabilities that fail to prevent premature vaporization and/or flame jetting.

114.   The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have a heat-retaining construction that leads to flame jetting.

115.   The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature that would indicate flame presence.

116.   The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system included an open container or bowl that can more easily spill and/or spread fuel.

117.   At the time the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries occurred, the subject tabletop fire pit was being used for the purpose of and in the manner in which it is normally and foreseeably intended to be used.

118.   At the time the subject tabletop fire pit left the control of Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., it failed to perform as the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., designed the subject tabletop fire pit to perform.

119.   At the time the subject tabletop fire pit left the control of the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., it failed to perform as the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., intended the subject tabletop fire pit to perform.

120.   The subject tabletop fire pit was defectively designed in that it was unreasonably dangerous for its intended and reasonably foreseeable use.

121.   A safer alternative design was economically and technologically feasible at the time the subject tabletop fire pit left the control of Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd.

122.   The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., failed to adequately warn users of the defective nature of the product it placed into the stream of commerce, of which it had or should have had knowledge.

123.   Users of the subject tabletop fire pit could not, by the exercise of reasonable care, have discovered and/or perceived the danger(s) thereof.

124.   The Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., failed to exercise ordinary care and breached its aforementioned duty to the Plaintiffs, by, including but not limited to, the following:

a)   Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to a separate, sealed fuel tank;

b)      Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to a mechanism to prevent refueling when it was still hot;

c)      Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting;

d)      Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting;

e)      Failing to incorporate materials, surfaces, and/or subject components that had adequate heat dissipation capabilities to prevent premature vaporization and/or flame jetting;

f)      Failing to incorporate materials, surfaces, and/or subject components that prevented heat retention and/or reduce the risk of flame jetting;

g)      Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to a feature to indicate flame presence;

h)      Failing to install or incorporate safety features and/or devices into the design of the subject tabletop fire pit, including but not limited to a fuel system design that would reduce the risk of spilling and/or spreading fuel.

i)      Failing to warn and/or inadequately warning users of the subject tabletop fire pit of the dangers thereof;

j) Failing to properly and adequately design the subject tabletop fire pit;

k) Failing to properly and adequately develop the subject tabletop fire pit;

l) Failing to properly and adequately manufacture the subject tabletop fire pit;

m) Failing to properly and adequately engineer the subject tabletop fire pit;

n) Failing to properly and adequately assemble the subject tabletop fire pit;

o) Failing to properly and adequately test the subject tabletop fire pit;

p) Failing to properly and adequately inspect the subject tabletop fire pit before placing it on the market for sale;

q) Failing to properly and adequately market the subject tabletop fire pit;

r) Failing to ensure the subject tabletop fire pit, including its component parts, were safe to use and free from dangerous conditions;

s) Causing and/or allowing the subject tabletop fire pit to be dangerous and/or hazardous when used for its intended purpose;

t) and the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., its agents, servants, employees and/or subsidiaries, was in other ways negligent and careless.

125. By reason of the foregoing negligence, carelessness and breach of duty of the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., the subject tabletop fire pit, including its component parts, was in a defective, unsafe, dangerous and/or hazardous condition.

126. Upon information and belief, at the time the subject tabletop fire pit left the control of the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., it was in a defective and unsafe condition and was unreasonably dangerous when put into its ordinary, intended and reasonably foreseeable use(s).

127. By reason of the foregoing negligence, carelessness, and breach of duty, the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known that the subject tabletop fire pit, including its component parts, was in a defective, unsafe, dangerous and/or hazardous condition.

128. The subject tabletop fire pit, with its component parts, was negligently placed on the market, distributed and sold by the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., when it was not reasonably safe for use by users and operators thereof, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

129. Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., knew or should have known that the product was to be purchased by consumers and used without inspection for defects by the general public and more particularly, the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

130. The Plaintiffs, Deborah Leavitt and Kristen Leavitt, were not aware of the aforementioned defects at any time prior to June 8, 2025.

131. The Plaintiffs, Deborah Leavitt and Kristen Leavitt, could not, by the exercise of reasonable care, have discovered said defect(s) of the subject tabletop fire pit.

132. As a direct and proximate result of the negligence and carelessness of the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., its agents, servants, employees and/or subsidiaries, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, was caused to sustain certain severe, catastrophic and permanent injuries, excruciating conscious pain and suffering, emotional trauma and substantial damages, including, but not limited to, severe burns to significant portions of their bodies, among other injuries, and the sequelae thereof, as well as significant economic damages.

133.    The subject tabletop fire pit's defects were a substantial factor in bringing about the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries, damages and the sequalae thereof.

134.    The aforesaid injuries, damages and the sequelae thereof, sustained by the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused by the negligent and careless acts, conduct, omissions and/or commissions on the part of the Defendants herein, including the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., without any fault on the part of the Plaintiffs contributing thereto.

135.    In addition to the proof of specific acts of negligence of the Defendants herein, the Plaintiffs reserves the right to rely upon the doctrine of r*es ipsa loquitur* to establish the negligence of the Defendants herein.

136.    By reason of the foregoing, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, has been severely and permanently injured and damaged and demands judgment against the Defendant, Xinxing Jujiang Craft Products Industrial Co., Ltd., in a substantial sum of money.

**AS AND FOR A SEVENTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY (WARNING DEFECT) AGAINST DEFENDANT, AMAZON.COM, INC.:**

1.    Plaintiffs repeat all prior allegations herein.

2.    Upon information and belief, at all times herein relevant, Defendant, Amazon.com, Inc., was in the business of designing, manufacturing, engineering, assembling, testing, marketing, repairing, inspecting, maintaining, developing, distributing and/or selling certain products, including but not limited to tabletop fire pits and/or some or all of the component parts thereof.

3.    Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., assembled a certain tabletop fire pit, known as a Kante 18" L Rectangular

Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

4.      Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., inspected a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

5.      Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., marketed a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

6.      Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., distributed a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

7.      Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., sold a certain tabletop fire pit, known as a Kante 18" L Rectangular Concrete Tabletop Fire Pit  ("the tabletop fire pit" or "the subject tabletop fire pit"), and/or the component parts thereof (hereinafter, "the tabletop fire pit" or "subject the tabletop fire pit").

8.      Upon information and belief, at all times herein relevant, the Defendant, Amazon.com, Inc., placed the subject tabletop fire pit into the stream of commerce.

9.      Upon information and belief, at all times herein relevant, the Defendant, Amazon.com,  Inc., designed, engineered, developed, manufactured, assembled, inspected,

distributed and/or sold the subject tabletop fire pit for the intended use by individuals, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

10.     On or about June 10, 2024, a Kante 18" L Rectangular Tabletop Fire Pit with Portable Rubbing Alcohol Fire Bowl ("the tabletop fire pit" or "the subject tabletop fire pit") was purchased by Plaintiff, Kristen Leavitt, on Amazon.com for Plaintiff, Deborah Leavitt.

11.     Upon information and belief, on or around June 8, 2025, while at their home located in the City of Saratoga, County of Saratoga and State of New York, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were using the subject tabletop fire pit.

12.     When the Plaintiffs, Deborah Leavitt and Kristen Leavitt, lit the subject tabletop fire pit on such date, the subject tabletop fire pit, without warning, exploded and engulfed the Plaintiffs in flames, resulting in severe and permanent injuries, including but not limited to, severe burns.

13.     Plaintiff, Deborah Leavitt, suffered severe burns to approximately twenty-two percent of her body.

14.     Plaintiff, Kristen Leavitt, suffered severe burns to approximately over forty-four percent of her body.

15.     As a result of the severe burns suffered by Plaintiffs, they required emergency medical treatment, surgical intervention, and ongoing medical care.

16.     At the time the subject tabletop fire pit (and its component parts) left the control of the Defendant, Amazon.com, Inc., it was in a defective and unsafe condition.

17.     At the time the subject tabletop fire pit (and its component parts) left the control of the Defendant, Amazon.com, Inc., it was unreasonably dangerous when put to its ordinary, intended and reasonably foreseeable use(s).

18.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system requires users to pour liquid fuel into an open container or bowl.

19.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a separate, sealed fuel tank.

20.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a mechanism to prevent refueling when it was still hot.

21.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature(s), including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

22.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting.

23.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have inadequate heat dissipation capabilities that fail to prevent premature vaporization and/or flame jetting.

24.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have a heat-retaining construction that leads to flame jetting.

25.    The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature that would indicate flame presence.

26.     The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system included an open container or bowl that can more easily spill and/or spread fuel.

27.     The subject tabletop fire pit was defective, unsafe for its intended use, and unreasonably dangerous as it failed to perform as an ordinary user would expect when used in an intended and reasonably foreseeable manner.

28.     At the time the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries occurred, the subject tabletop fire pit was being used for the purpose of and in the manner in which it is normally and foreseeably intended to be used.

29.     The subject tabletop fire pit was defectively designed in that it was unreasonably dangerous for its intended and reasonably foreseeable use.

30.     A safer alternative design was economically and technologically feasible at the time the subject tabletop fire pit left the control of Defendant, Amazon.com, Inc.

31.     At the time the subject tabletop fire pit left the control of Defendant, Amazon.com, Inc., it was defectively manufactured as it failed to perform as the Defendant, Amazon.com, Inc., designed the product-line to perform and as the Defendant, Amazon.com, Inc., intended.

32.     At the time the subject tabletop fire pit left the control of the Defendant, Amazon.com, Inc., it was defective because it lacked adequate warnings.

33.     The Defendant, Amazon.com, Inc., failed to adequately warn users of the defective nature of the subject tabletop fire pit it placed into the stream of commerce, of which it had or should have had knowledge.

34.    The warnings were inadequate because they failed to warn or inadequately warned users of the subject tabletop fire pit that the subject tabletop fire pit lacked a mechanism to prevent refueling while it was still hot.

35.    The warnings were inadequate because they failed to warn or inadequately warned users of the subject tabletop fire pit that the subject tabletop fire pit did not have a safety feature(s), including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

36.    The warnings were inadequate because they failed to warn or inadequately warned users that the subject tabletop fire pit failed to have safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting.

37.    The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit had inadequate heat dissipation capabilities that failed to prevent premature vaporization and/or flame jetting.

38.    The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit had a heat-retaining construction that leads to flame jetting.

39.    The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit did not a safety feature that would indicate flame presence.

40.    The warnings were inadequate because they failed to warn or inadequately warned that the subject tabletop fire pit had a fuel system included an open container or bowl that can more easily spill and/or spread fuel.

41.    The Defendant, Amazon.com, Inc., knew or should have known, through the exercise of reasonable care and diligence, of the defect(s) described herein regarding the subject tabletop fire pit before placing it into the stream of commerce.

42.    The Defendant, Amazon.com, Inc., knew or should have known, through the exercise of reasonable care and diligence, that the subject tabletop fire pit had a fuel system that required users to pour liquid fuel into an open container or bowl.

43.    The Defendant, Amazon.com, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had a fuel system that lacked a separate, sealed fuel tank.

44.    The Defendant, Amazon.com, Inc., knew or should have known through the exercise of reasonable care that the subject tabletop fire pit had a fuel system that lacked a mechanism to prevent refueling when it was still hot.

45.    The Defendant, Amazon.com, Inc., knew or should have known through the exercise of reasonable care that the subject tabletop fire pit failed to have a safety feature(s), including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

46.    The Defendant, Amazon.com, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit failed to safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting

47.    The Defendant, Amazon.com, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had surfaces and/or subject

components with inadequate heat dissipation capabilities that failed to prevent premature vaporization and/or flame jetting

48.    The Defendant, Amazon.com, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had surfaces and/or subject components with a heat-retaining construction that leads to flame jetting.

49.    The Defendant, Amazon.com, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit failed to have a safety feature that would indicate flame presence.

50.    The Defendant, Amazon.com, Inc., knew or should have known, through the exercise of reasonable care, that the subject tabletop fire pit had a fuel system included an open container or bowl that can more easily spill and/or spread fuel.

51.    Users of the subject tabletop fire pit could not, by the exercise of reasonable care, have discovered said defect(s) and/or perceived the danger(s) thereof.

52.    The subject tabletop fire pit was defective, unsafe, unreasonably dangerous, and hazardous, given its design, manufacturing and/or warning defect(s).

53.    The subject tabletop fire pit was intended to and did reach its ultimate users, namely the Plaintiffs, Deborah Leavitt and Kristen Leavitt, without substantial modification or alteration from the time it was designed, engineered, developed, manufactured, assembled, inspected, distributed, marketed, sold and/or placed on the market by the Defendant, Amazon.com, Inc.

54.    Defendant, Amazon.com, Inc., knew that the subject tabletop fire pit was to be purchased and used by consumers and/or the users thereof, such as the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

55.     The Defendant, Amazon.com, Inc., knew or should have known that the subject tabletop fire pit was to be purchased by consumers and used without inspection for defects by individuals, such as the Plaintiffs, Deborah Leavitt and Kristen Leavitt, and the general public.

56.     The Plaintiffs, Deborah Leavitt and Kristen Leavitt, were not aware of the aforementioned defect(s) in the subject tabletop fire pit at any time prior to and including June 8, 2025.

57.     The Plaintiffs, Deborah Leavitt and Kristen Leavitt, could not, by the exercise of reasonable care, have discovered said defect(s) of the subject tabletop fire pit.

58.     As a direct and proximate result of the defect(s) in, and unreasonably dangerous condition of the subject tabletop fire pit, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused to sustain certain severe, catastrophic and permanent injuries, excruciating conscious pain and suffering, emotional trauma and substantial damages, including, but not limited to, severe burns to significant portions of their bodies, among other injuries, and the sequelae thereof, as well as significant economic damages.

59.     The subject tabletop fire pit's defects were a substantial factor in causing the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries, damages and the sequalae thereof.

60.     The aforesaid injuries, damages and the sequalae thereof, sustained by the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused by the unsafe, defective and dangerous condition of the subject tabletop fire pit, without any fault on the part of the Plaintiffs contributing thereto.

61.     By reason of the foregoing, the Defendant, Amazon.com, Inc., is strictly liable to the Plaintiffs for the injuries sustained by said Plaintiffs.

62. By reason of the foregoing, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, has been severely and permanently injured and damaged and demands judgment against the Defendant, Amazon.com, Inc., in a substantial sum of money.

## AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR BREACH OF WARRANTY AGAINST DEFENDANT, AMAZON.COM, INC.:

63. Plaintiffs repeat all prior allegations herein.

64. Upon information and belief, at all times herein relevant, Defendant, Amazon.com, Inc., was in the business of designing, manufacturing, engineering, assembling, testing, marketing, repairing, inspecting, maintaining, developing, distributing and/or selling certain products, including but not limited to the tabletop fire pits and/or some or all of the component parts thereof.

65. The Defendant, Amazon.com, Inc., marketed, repaired, inspected, maintained, distributed and/or sold the subject tabletop fire pit for its intended use by individuals, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

66. On or about June 10, 2024, a Kante 18" L Rectangular Tabletop Fire Pit with Portable Rubbing Alcohol Fire Bowl ("the tabletop fire pit" or "the subject tabletop fire pit") was purchased by Plaintiff, Kristen Leavitt, on Amazon.com for Plaintiff, Deborah Leavitt.

67. Upon information and belief, on or around June 8, 2025, while at their home located in the City of Saratoga, County of Saratoga and State of New York, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were using the subject tabletop fire pit.

68. When the Plaintiffs, Deborah Leavitt and Kristen Leavitt, lit the subject tabletop fire pit on such date, the subject tabletop fire pit, without warning, exploded and engulfed the Plaintiffs in flames, resulting in severe and permanent injuries, including but not limited to, severe burns.

69. Plaintiff, Deborah Leavitt, suffered severe burns to approximately twenty-two percent of her body.

70. Plaintiff, Kristen Leavitt, suffered severe burns to approximately over forty-four percent of her body.

71. As a result of the severe burns suffered by Plaintiffs, they required emergency medical treatment, surgical intervention, and ongoing medical care.

72. The Defendant, Amazon.com, Inc., held itself out as knowledgeable with regard to the design, engineering, development, manufacture, assembly, inspection, testing, maintenance, marketing, distribution and/or sale of the subject tabletop fire pit.

73. The Defendant, Amazon.com, Inc., expressly warranted that the subject tabletop fire pit and/or its component parts were merchantable, of good quality, and fit and safe for the ordinary purpose for which they were intended.

74. The Plaintiffs, Deborah Leavitt and Kristen Leavitt, relied upon such express warranty.

75. The Defendant, Amazon.com, Inc., impliedly warranted that the subject tabletop fire pit and/or its component parts were merchantable, of good quality, and fit and safe for the ordinary purpose for which it was intended.

76. The Plaintiffs, Deborah Leavitt and Kristen Leavitt, relied upon such implied warranty.

77. Following the design, development, manufacture, inspection, marketing, distribution and/or sale of the subject grinder by the Defendant, Amazon.com, Inc., the subject tabletop fire pit reached its ultimate users, the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

78. The subject tabletop fire pit reached its ultimate users, the Plaintiffs, Deborah

Leavitt and Kristen Leavitt, without substantial alteration or modification thereof.

79. The use of the subject tabletop fire pit on June 8, 2025, was a use reasonably contemplated by the Defendant, Amazon.com, Inc.

80. The use of the subject tabletop fire pit on June 8, 2025, was a use reasonably intended by the Defendant, Amazon.com, Inc.

81. The use of the subject tabletop fire pit on June 8, 2025, was a use reasonably foreseeable by the Defendant, Amazon.com, Inc.

82. The Defendant, Amazon.com, Inc., knew that the subject tabletop fire pit would be used and was used in the manner for which it was warranted.

83. The Defendant, Amazon.com, Inc., should have known, through the exercise of reasonable care and diligence, that the subject tabletop fire pit would be used and was used in the manner for which it was warranted.

84. The Defendant, Amazon.com, Inc., breached the aforesaid express warranty in that the subject tabletop fire pit was not of good and merchantable quality, was unsafe for use, was of unsafe design and manufacture, was not fit for the particular purpose for which it was intended, and was inherently dangerous.

85. The Defendant, Amazon.com, Inc., breached the aforesaid implied warranty in that the subject tabletop fire pit was not of good and merchantable quality, was unsafe for use, was of unsafe design and manufacture, was not fit for the particular purpose for which it was intended, and was inherently dangerous.

86. As a direct and proximate result of the foregoing breach of warranty, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, was caused to sustain certain severe, catastrophic and permanent injuries, excruciating conscious pain and suffering, emotional trauma and substantial

damages, including, but not limited to, severe burns to significant portions of their bodies, among other injuries, and the sequelae thereof, as well as significant economic damages.

87.    The Defendant, Amazon.com, Inc.'s breach of warranty was a substantial factor in causing the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries, damages and sequalae thereof.

88.    The aforesaid injuries, damages and the sequelae thereof, sustained by the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused by the breach of warranty on the part of the Defendants herein, including the Defendant, Amazon.com, Inc., without any fault on the part of the Plaintiffs contributing thereto.

89.    By reason of the foregoing, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, has been severely and permanently injured and damaged and demands judgment against the Defendant, Amazon.com, Inc., in a substantial sum of money.

**AS AND FOR A NINTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT, AMAZON.COM, INC.:**

90.    Plaintiffs repeat all prior allegations herein.

91.    Upon information and belief, at all times herein relevant, Defendant, Amazon.com, Inc., was in the business of designing, manufacturing, engineering, assembling, testing, marketing, repairing, inspecting, maintaining, developing, distributing and/or selling certain products, including but not limited to the tabletop fire pits and/or some or all of the component parts thereof.

92.    Following the design, engineering, development, manufacture, assembly, inspection, repair, marketing, distribution and sale of the subject tabletop fire pit and/or some or all of the component parts thereof by the Defendant, Amazon.com, Inc., the subject tabletop fire pit reached its ultimate users, the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

93.     The subject tabletop fire pit reached the Plaintiffs, Deborah Leavitt and Kristen Leavitt, without substantial alteration or modification thereof.

94.     At all times herein relevant, Defendant, Amazon.com, Inc., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to exercise reasonable care in the design, engineering, development, manufacture and assembly of the subject tabletop fire pit, including its component parts, so that it was reasonably safe for its intended and/or foreseeable use(s) and purpose(s).

95.     At all times herein relevant, the Defendant, Amazon.com, Inc., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to properly inspect the subject tabletop fire pit before placing it on the market for sale.

96.     At all times herein relevant, the Defendant, Amazon.com, Inc., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to ensure the subject tabletop fire pit, including its component parts, was safe to use and free of defect(s).

97.     At all times herein relevant, the Defendant, Amazon.com, Inc., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to adequately warn of dangers inherent in the use of the subject tabletop fire pit which it knew or should have known at the time of design and manufacture, and of which it learned or should have learned subsequent to the distribution and sale of the subject tabletop fire pit, but prior to June 8, 2025.

98.     At all times herein relevant, the Defendant, Amazon.com, Inc., had voluntarily undertaken to thoroughly vet the safety and reliability of: (1) all sellers who were listing products on Amazon's website, Amazon. Com, (2) all products being sold on Amazon's website, Amazon.com, and (3) to protect individuals who used products purchased through Amazon by notifying them of unsafe products.  These services were undertaken by Amazon for the benefit of

all individuals who used products purchased through Amazon's website, Amazon.com, including but the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

99.    Upon information and belief, the Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., were sellers on Amazon's website, Amazon.com, and Amazon had voluntarily undertaken to fully vet the safety and reliability of the Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd., before they listed any of their products on Amazon.com, including the subject tabletop fire pit.

100.    Upon information and belief, the Defendant, Amazon.com, Inc., had voluntarily undertaken to investigate the dangerous condition of the subject tabletop fire pit and/or substantially similar product(s) once it was reported by user(s).

101.    Upon information and belief, prior to June 10, 2024, the Defendant, Amazon.com, Inc., was aware of the dangerous condition that subsequently caused the Plaintiffs' injuries well before the Plaintiffs, Deborah Leavitt and Kristen Leavitt, purchased the subject tabletop fire pit.

102.    Upon information and belief, the Defendant, Amazon.com, Inc., had voluntarily undertaken to protect ultimate users, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, by recalling, removing, or barring the subject tabletop fir pit and/or substantially similar product(s) from Amazon's website, Amazon.com, or by warning or otherwise notifying users, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, about the unreasonably dangerous nature of the subject tabletop fire pit.

103.    Based on its voluntary undertaking, the Defendant, Amazon.com, Inc., was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to exercise reasonable care in the performance of the aforementioned safety-related services, and also

was under a duty to the general public, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt, to use the same degree of care that a reasonably careful person would use to avoid harm to others under similar circumstances.

104. On or about June 10, 2024, a Kante 18" L Rectangular Tabletop Fire Pit with Portable Rubbing Alcohol Fire Bowl ("the tabletop fire pit" or "the subject tabletop fire pit") was purchased by Plaintiff, Kristen Leavitt, on Amazon.com for Plaintiff, Deborah Leavitt.

105. Upon information and belief, on or around June 8, 2025, while at their home located in the City of Saratoga, County of Saratoga and State of New York, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were using the subject tabletop fire pit.

106. When the Plaintiffs, Deborah Leavitt and Kristen Leavitt, lit the subject tabletop fire pit on such date, the subject tabletop fire pit, without warning, exploded and engulfed the Plaintiffs in flames, resulting in severe and permanent injuries, including but not limited to, severe burns.

107. Plaintiff, Deborah Leavitt, suffered severe burns to approximately twenty-two percent of her body.

108. Plaintiff, Kristen Leavitt, suffered severe burns to approximately over forty-four percent of her body.

109. As a result of the severe burns suffered by Plaintiffs, they required emergency medical treatment, surgical intervention, and ongoing medical care.

110. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system requires users to pour liquid fuel into an open container or bowl.

111. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a separate, sealed fuel tank.

112. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system lacked a mechanism to prevent refueling when it was still hot.

113. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature(s), including but not limited to proper venting, vapor-blocking mechanisms, and/or vapor mitigation mechanisms, that would prevent vapors from the liquid fuel from accumulating and reduce the risk of flame-jetting.

114. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to safety feature(s), including but not limited to flame-arresting mechanisms, to reduce the risk of flame jetting.

115. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have inadequate heat dissipation capabilities that fail to prevent premature vaporization and/or flame jetting.

116. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, its surfaces and/or subject components have a heat-retaining construction that leads to flame jetting.

117. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, it failed to have a safety feature that would indicate flame presence.

118. The subject tabletop fire pit was unreasonably dangerous because, among other reasons, the fuel system included an open container or bowl that can more easily spill and/or spread fuel.

119. At the time the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries occurred, the subject tabletop fire pit was being used for the purpose of and in the manner in which it is normally and foreseeably intended to be used.

120.    At the time the subject tabletop fire pit left the control of Defendant, Amazon.com, Inc., it failed to perform as the Defendant, Amazon.com, Inc., designed the subject tabletop fire pit to perform.

121.    At the time the subject tabletop fire pit left the control of the Defendant, Amazon.com, Inc., it failed to perform as the Defendant, Amazon.com, Inc., intended the subject tabletop fire pit to perform.

122.    The subject tabletop fire pit was defectively designed in that it was unreasonably dangerous for its intended and reasonably foreseeable use.

123.    A safer alternative design was economically and technologically feasible at the time the subject tabletop fire pit left the control of Defendant, Amazon.com, Inc.

124.    The Defendant, Amazon.com, Inc., failed to adequately warn users of the defective nature of the product it placed into the stream of commerce, of which it had or should have had knowledge.

125.    Users of the subject tabletop fire pit could not, by the exercise of reasonable care, have discovered and/or perceived the danger(s) thereof.

126.    The Defendant, Amazon.com, Inc., failed to exercise ordinary care and breached its aforementioned duty to the Plaintiffs, by, including but not limited to, the following:

        a)    Failing to warn and/or inadequately warning users of the subject tabletop fire pit of the dangers thereof;

        b)    Failing to properly and adequately assemble the subject tabletop fire pit;

        c)    Failing to properly and adequately vet the Defendants, Rosemead Home & Garden, Inc. and Xinxing Jujiang Craft Products Industrial Co., Ltd.;

        d)    Failing to properly and adequately test the subject tabletop fire pit;

e)    Failing to properly and adequately inspect the subject tabletop fire pit before placing it on the market for sale;

f)    Failing to properly and adequately market the subject tabletop fire pit;

g)    Failing to ensure the subject tabletop fire pit, including its component parts, were safe to use and free from dangerous conditions;

h)    Causing and/or allowing the subject tabletop fire pit to be dangerous and/or hazardous when used for its intended purpose;

i)    Allowing the subject tabletop fire pit to be listed on Amazon's website, Amazon.com;

j)    Ignoring user review(s) indicating that the subject tabletop fire pit and substantially similar products were dangerous;

k)    and the Defendant, Amazon.com, Inc., its agents, servants, employees and/or subsidiaries, was in other ways negligent and careless.

127.   By reason of the foregoing negligence, carelessness and breach of duty of the Defendant, Amazon.com, Inc., the subject tabletop fire pit, including its component parts, was in a defective, unsafe, dangerous and/or hazardous condition.

128.   Upon information and belief, at the time the subject tabletop fire pit left the control of the Defendant, Amazon.com, Inc., it was in a defective and unsafe condition and was unreasonably dangerous when put into its ordinary, intended and reasonably foreseeable use(s).

129.   By reason of the foregoing negligence, carelessness, and breach of duty, the Defendant, Amazon.com, Inc., knew or should have known that the subject tabletop fire pit, including its component parts, was in a defective, unsafe, dangerous and/or hazardous condition.

130.    The subject tabletop fire pit, with its component parts, was negligently placed on the market, distributed and sold by the Defendant, Amazon.com, Inc., when it was not reasonably safe for use by users and operators thereof, including the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

131.    Defendant, Amazon.com, Inc., knew or should have known that the product was to be purchased by consumers and used without inspection for defects by the general public and more particularly, the Plaintiffs, Deborah Leavitt and Kristen Leavitt.

132.    The Plaintiffs, Deborah Leavitt and Kristen Leavitt, were not aware of the aforementioned defects at any time prior to June 8, 2025.

133.    The Plaintiffs, Deborah Leavitt and Kristen Leavitt, could not, by the exercise of reasonable care, have discovered said defect(s) of the subject tabletop fire pit.

134.    As a direct and proximate result of the negligence and carelessness of the Defendant, Amazon.com, Inc., its agents, servants, employees and/or subsidiaries, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, was caused to sustain certain severe, catastrophic and permanent injuries, excruciating conscious pain and suffering, emotional trauma and substantial damages, including, but not limited to, severe burns to significant portions of their bodies, among other injuries, and the sequelae thereof, as well as significant economic damages.

135.    The subject tabletop fire pit's defects were a substantial factor in bringing about the Plaintiffs, Deborah Leavitt and Kristen Leavitt's injuries, damages and the sequalae thereof.

136.    The aforesaid injuries, damages and the sequelae thereof, sustained by the Plaintiffs, Deborah Leavitt and Kristen Leavitt, were caused by the negligent and careless acts, conduct, omissions and/or commissions on the part of the Defendants herein, including the Defendant, Amazon.com, Inc., without any fault on the part of the Plaintiffs contributing thereto.

137.    In addition to the proof of specific acts of negligence of the Defendants herein, the Plaintiffs reserves the right to rely upon the doctrine of r*es ipsa loquitur* to establish the negligence of the Defendants herein.

138.    By reason of the foregoing, the Plaintiffs, Deborah Leavitt and Kristen Leavitt, has been severely and permanently injured and damaged and demands judgment against the Defendant, Amazon.com, Inc., in a substantial sum of money.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants on the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action herein, in an amount to be determined upon a trial of this action, together with the costs and disbursements of this action, and such other and further relief which the Court may deem just and proper.

DATED: February 10, 2026

O'CONNELL AND ARONOWITZ

By:    _____
Stephen R. Coffey, Esq.
*Attorneys for Plaintiffs*
*Deborah Leavitt and Kristen Leavitt*
Office and P.O. Address:
54 State Street
Albany, NY 12207
(518) 462-5601